# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1508

UNITED STATES OF AMERICA

v.

RASHEED HARGROVE, A/K/A O.G.
Appellant

_____

Appeal from U.S. District Court, D.N.J.
Judge Susan D. Wigenton
No. 2:01-cr-00538-001

Before: MATEY, FREEMAN, AND CHUNG, *Circuit Judges*
Submitted Under Third Circuit L.A.R. 34.1(a) on March 16, 2026
Decided: March 17, 2026

_____

NONPRECEDENTIAL OPINION[*]

CHUNG, *Circuit Judge*.  Rasheed Hargrove appeals the District Court's denial of his motion

for sentence reduction under the First Step Act.  Because we conclude the District Court

did not abuse its discretion in denying the motion, we will affirm.

## I.  BACKGROUND[1]

In 2002, a jury found Hargrove guilty of one count of conspiracy to distribute and

possess with intent to distribute more than one kilogram of heroin and more than five

---

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1]  Because we write for the parties, we recite only the facts pertinent to our decision.

kilograms of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and two counts of distribution and possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. He was sentenced to life imprisonment on the conspiracy count and to concurrent 20-year sentences on the substantive distribution counts.

In 2017, Hargrove moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. The District Court, then-Chief Judge Jose L. Linares, granted Hargrove's motion and reduced his life sentence to 40 years. Hargrove appealed and we affirmed the 40-year sentence as an appropriate exercise of the District Court's discretion. United States v. Hargrove, 775 F. App'x 735, 736 (3d Cir. 2019).

On November 4, 2022, Hargrove filed a second motion for sentence reduction, this time invoking the Fair Sentencing Act of 2010 and Section 404 of the First Step Act of 2018.[2] Hargrove duplicated many of his previous arguments that the 18 U.S.C. § 3553(a) factors, which courts must assess when considering a § 3582 motion, supported a lower term of

---

[2] The Fair Sentencing Act of 2010 had the effect of lowering the applicable base offense level for various quantities of cocaine base. However, the Fair Sentencing Act did not apply retroactively, meaning Hargrove could not benefit from the change. In 2018, Congress enacted the First Step Act, which permitted retroactive application of the Fair Sentencing Act's modifications to the cocaine base sentencing guidelines. Pub. L. No. 115-394, § 404, 132 Stat. 5194, 5222 (2018). Under both Amendment 782 and the First Step Act, Hargrove's base offense level was 34.

imprisonment.[3]  See 18 U.S.C. § 3582(c)(2).  He also argued that a sentence reduction was warranted because "respect for the law is not served by a penalty structure that was flawed at its inception, has disproportionately impacted African Americans, and even after several amendments remains inequitable."  A49–50.

The District Court, Judge Susan D. Wigenton, issued an opinion and order denying the motion and Hargrove timely appealed.

## II. <u>ANALYSIS</u>[4]

Hargrove argues the District Court abused its discretion in denying his motion for sentence reduction because it did not consider his argument regarding the injustice of the historical sentencing regime that disparately punished crack and cocaine offenders.  He contends that the District Court also erred by "almost entirely" relying on Judge Linares' 2018 opinion granting his previous sentence reduction motion under Amendment 782.  Opening Br. at 1.

We review a denial of relief under the First Step Act for abuse of discretion.  <u>United States v. Jackson</u>, 964 F.3d 197, 201 (3d Cir. 2020).  "[W]hen deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments.  It is well established that a district court must generally consider the parties' nonfrivolous arguments before it."  <u>United States</u>

---

[3]  Hargrove's initial motion was filed pro se.  On September 12, 2023, he supplemented his motion with a letter brief from the Federal Public Defender's office.

[4]  The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(B).  This Court has jurisdiction under 28 U.S.C. § 1291.

v. Concepcion, 597 U.S. 481, 500–01 (2022).  A district court need not be "persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation."  Id. at 501.  Indeed, much is left "to the judge's own professional judgment," and the district court need not "expressly rebut each argument."  Id. (internal quotations and citations omitted).  The district court, "as a general matter …need only 'set forth enough [in his statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'"  United States v. Shields, 48 F.4th 183, 194 (3d Cir. 2022) (citation omitted).

The District Court's opinion reflects that it met its obligation to consider Hargrove's "nonfrivolous arguments before it."  Concepcion, 597 U.S. at 501.  The District Court demonstrated that it considered Hargrove's argument that he merits sentence reduction because of the First Step Act's increase in the triggering quantities for mandatory prison terms for crack offenses.  It also explained why it was not persuaded by Hargrove's contention that the 18 U.S.C. § 3553(a) factors counsel in favor of a reduced sentence.  While the District Court referenced Chief Judge Linares' earlier decision, Judge Wigenton's opinion reflects that she independently assessed Hargrove's arguments, both those that duplicated ones he made in 2018 and new arguments he asserted in 2022.  We therefore perceive no abuse of discretion in the District Court's denial of Hargrove's motion.

\* \* \* \* \*

For the reasons stated above, we will AFFIRM.